UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTORIA KOCH,
    *Plaintiff*,

v.

PAUL KOCH,
    *Defendant.*

No. 3:19-cv-471 (VAB)

**ORDER**

On March 29, 2019, consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court ordered Paul Koch ("Defendant")—who had removed this case for a second time from Connecticut Superior Court to this Court—to show cause why this Court should continue to retain jurisdiction over this case, why he should not be enjoined from making any further filings in this Court regarding this or any other related subject matter, and to appear in-person at a hearing on April 4, 2019. Order to Show Cause, ECF No. 8 (Mar. 29, 2019).

For the reasons explained below, the Court **DISMISSES AND REMANDS** this action to the Connecticut Superior Court, **DENIES** all remaining motions as moot, and **ENJOINS** Mr. Koch from any future filings regarding this or any related matter.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On July 24, 2018, Mr. Koch first removed this case from the Family Division of the Superior Court of the State of Connecticut in Stamford/Norwalk. Notice of Removal, *Koch v. Koch*, No. 3:18-cv-1225 (VAB), ECF No. 1 (July 24, 2018) ("Notice of Removal"). Victoria Koch ("Plaintiff") filed the underlying state court action on March 9, 2017, seeking to dissolve her marriage, to win primary physical custody of her children, and to establish temporary and

permanent child support and alimony payments. *See* Notice of Removal, *Koch v. Koch*, No. 3:18-cv-01225 (VAB), ECF No. 1 at 10 (July 24, 2018) (Superior Court E-Filing Docket Sheet), Notice of Removal, *Koch v. Koch*, No. 3:18-cv-01225 (VAB), ECF No. 1 at 7-8 (July 24, 2018) (Complaint, dated Feb. 28, 2017).

Mr. Koch also filed a motion for leave to proceed *in forma pauperis*. Motion for Leave to Proceed *in forma pauperis*, *Koch v. Koch*, No. 3:18-cv-1225 (VAB), ECF No. 2 (July 24, 2018). The Court referred the motion to Magistrate Judge Garfinkel. Order Referring Motion, No. 3:18-cv-1225 (VAB), ECF No. 8 (July 26, 2018).

On August 1, 2018, Magistrate Judge Garfinkel granted Mr. Koch's motion but issued a Recommended Ruling of Dismissal, finding under 28 U.S.C. § 1915(e)(2)(B) that the case should be dismissed because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine to review Mr. Koch's claims. *See* Recommended Ruling, *Koch v. Koch*, No. 3:18-cv-1225 (VAB), ECF No. 11 (Aug. 1, 2018) ("Rec. Ruling").

Mr. Koch failed to file an objection to the Recommended Ruling by the August 15, 2018 deadline. He did, however, file a notice of bankruptcy on August 16, 2018, arguing that his bankruptcy proceeding automatically stayed these proceedings.[1] *See* Defendant's Notice of Filing Bankruptcy Petition and Claim for Statutory Stay by Reason of Bankruptcy, *Koch v. Koch*, No. 3:18-cv-1225 (VAB), ECF No. 12 (Aug. 16, 2018).

---

[1] The filing of a bankruptcy petition does not, however, automatically stay domestic support, child custody, or dissolution of marriage proceedings, except to the extent that a dissolution of marriage proceeding seeks to determine the division of property that is property of the estate. *See* 11 U.S.C. § 362(b)(2)(A)(ii)–(iv) ("The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay . . . of the commencement or continuation of a civil action or proceeding . . . (ii) for the establishment or modification of an order for domestic support obligations; (iii) concerning child custody or visitation; (iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate . . . .").
therefore was of no moment and did not prevent the Court from deciding whether to adopt the Recommended Ruling. *In re Zarnel*, 619 F.3d 156, 170 (2d Cir. 2010) ("Section 362(b) lists circumstances under which the filing of a petition does not operate as a stay[.]")

2

On October 12, 2018, the Court adopted Judge Garfinkel's Recommended Ruling, but not because of *Rooker-Feldman*. Instead, the Court remanded the action to state court based on two fatal errors with Mr. Koch's removal: (1) the removal did not comply with the requirements of 28 U.S.C. § 1446; and (2) even if Plaintiff had timely removed, the Court lacked subject-matter jurisdiction. Order Adopting Recommended Ruling and Remanding the Action, *Koch v. Koch*, No. 3:18-cv-01225 (VAB), ECF No. 13 (Oct. 12, 2018).

On October 29, 2018, the Clerk of the Court remanded this action to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk. *See* Docket Entry, *Koch v. Koch*, No. 3:18-cv-01225 (VAB), ECF No. 15 (Oct. 29, 2018).

On March 29, 2019, Mr. Koch filed a second notice of removal, seeking to remove the same action to this Court. Notice of Removal, ECF No. 1 (Mar. 29, 2019). Mr. Koch also moved for leave to proceed *in forma pauperis* and to participate in electronic filing. *See* Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2 (Mar. 29, 2019); Motion by Self-Represented Litigant to Participate in Electronic Filing, ECF No. 3 (Mar. 29, 2019).

That same day, the Court issued an Order to Show Cause, ordering Mr. Koch to "appear in person on April 4, 2019, at 11:00 a.m. to address this Order and explain why this Court should continue to retain jurisdiction over this case and why he should not be enjoined from making any further filings in this court regarding this or any other related subject matter." Order to Show Cause, ECF No. 8 at 8 (Mar. 29, 2019) ("Order to Show Cause").

On April 2, 2019, the Court granted in part and denied in part Mr. Koch's motion to participate in electronic filing, finding that it was "premature to permit Mr. Koch to file electronically at this time" but permitting him to receive electronic notifications and notices issued by the Court. Order, ECF No. 9 (Apr. 2, 2019).

3

On April 4, 2019, Mr. Koch appeared for the show cause hearing and requested a continuance. Minute Entry, ECF No. 10 (Apr. 5, 2019). The Court continued the hearing to May 9, 2019, at 4:00 p.m. and ordered any written submissions to be filed by May 3, 2019. *Id.*

Mr. Koch did not timely file any written submissions before the May 3, 2019 deadline.

On May 7, 2019, the Court moved the time of the May 9, 2019 hearing to 2:30 p.m. Notice of E-Filed Calendar, ECF No. 12 (May 7, 2019).

On May 9, 2019, shortly before the hearing was to begin, Mr. Koch moved to continue and extend time to respond to the Order to Show Cause. Minute Entry, ECF No. 14 (May 9, 2019); Amended Emergency Motion for Extension of Time and Continuance of Hearing for 45 Days, ECF No. 13 (May 9, 2019). Mr. Koch did not, however, appear for the hearing, and the Court took the motion under advisement. *See* Minute Entry, ECF No. 14 (May 9, 2019).

On May 10, 2019, the Court granted in part and denied in part Mr. Koch's motion for a continuance and extension of time. Order, ECF No. 15 (May 10, 2019). The Court permitted Mr. Koch to file any written submission in response to the Order to Show Cause by May 24, 2019, and continued the hearing to May 29, 2019 at 4:00 p.m. *Id.* The Court further noted that, after these deadlines had passed, it would rule on the jurisdictional and filing-injunction issues raised in the Court's Order to Show Cause. *Id.*

On May 24, 2019, Mr. Koch moved for another extension of time and continuance of the hearing. Emergency Motion for Extension of Time and Continuance of Hearing for 45 Days, ECF No. 16 (May 24, 2019). Mr. Koch did not file any substantive response to the Order to Show Cause.

That same day, the Court denied Mr. Koch's motion but conducted the hearing by telephone.

On May 29, 2019, the Court held the order to show cause hearing by telephone. Mr. Koch appeared *pro se* and Ms. Koch appeared through counsel. Minute Entry, ECF No. 19 (May 29, 2019). "After the hearing began, Mr. Koch stated that he was having technical difficulties hearing the Court and then disconnected, but did not call back in to rejoin the hearing." *Id.*

Nevertheless, the Court permitted Mr. Koch one final opportunity to respond to the Order to Show Cause, extending the deadline to June 7, 2019, at 4:00 p.m. *Id.*

On May 30, 2019, the Court—noting that Mr. Koch had objected, in his motions to extend time, to receiving electronic notifications, vacated its original order with respect to electronic notifications, and instead granted in part the motion to participate in electronic filing until June 7, 2019. Order, ECF No. 20 (May 30, 2019).

On May 31, 2019, Ms. Koch moved for a protective order to quash two subpoenas issued by Mr. Koch to her and her attorney. *See* Motions for Protective Order, May 31, 2019, ECF Nos. 26 & 27 (May 31, 2019).

On June 4, 2019, the Court granted Ms. Koch's motions, noting that no discovery was required for Mr. Koch to address the threshold jurisdictional issue and the proposed filing injunction and finding it unnecessary "to engage in litigation over the motions to quash the subpoenas which might further delay these proceedings." Order, ECF No. 29 (June 4, 2019).

Mr. Koch did not file any response to the Court's Order to Show Cause addressing the substantive jurisdictional or filing-injunction issues. Instead, he has filed a series of motions seeking, *inter alia*, the Court's recusal, a *sua sponte* change of venue to the Southern District of New York, further permission to participate in electronic filing, and further extensions of time. *See* ECF Nos. 28 at 30–37.

II.     **STANDARD OF REVIEW**

### A. Recusal

Parties may move for judicial recusal on account of "a personal bias or prejudice either against [the party] or in favor of any adverse party. . . ." 28 U.S.C. § 144. Such a motion "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." *Id*.

In deciding whether to recuse, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [the judge's] presiding over their case." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing *Apple v Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

### B. Review for *Pro Se* Litigants

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases). But "the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants." *Id.* at 102. "[T]he exact degree [of solicitude] will depend upon a variety of factors, including, but not necessarily limited to, the specific procedural context and relevant characteristics of the particular litigant." *Id.* "[D]istrict courts should exercise their discretion in such cases, subject to review for its abuse, to determine based on the totality of the relevant circumstances when the ordinary approach is not appropriate and what degree of solicitude, if any, should be afforded." *Id.*

## II. DISCUSSION

### A. Recusal

The Second Circuit has recognized that "[d]iscretion is confided in the district judge in the first instance to determine whether" disqualification is appropriate, as "[t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing *Apple v Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)).

In his various motions of late, Mr. Koch has moved for this Court's recusal. Mr. Koch argues, *inter alia*, that the Court had an *ex parte* communication with the Connecticut Superior Court, which provided the basis for the Court's Order to Show Cause. *See* Amended Emergency Motion For An Extension of Time and Continuance Of Hearing for 45 Days, ECF No. 13, at 5 ("The issue that may be the most concerning is the disclosure by Judge Bolden on April 4, 2019 that the State court had contacted him with *ex parte* communication in what appears to be a clear attempt to further bias and prejudiced the Pro Se Defendant, and further violating the constitutional and civil rights, and civil liberties which had already been trampled on by the State court."). In his view, the Court must recuse itself.

The Court disagrees.

The sole basis for Mr. Koch's recusal motion is the following exchange in the proceeding held on April 4, 2019:

> THE COURT: Just to be clear, and I will put on the record, it's my understanding, because this Court got calls from the Superior Court, that there was supposed to be a proceeding in Superior Court on Friday, and that

|  | proceeding was delayed because the case had been removed here. Is that correct? |
|---|---|
| MR. KOCH: | That is correct, your Honor, but that whole proceeding I was never of a party to it nor did I have notice of the proceeding that precipitated that. |
| THE COURT: | I understand that, and I appreciate that. I am just letting you know when you say there is no prejudice, I am just telling you that that is what the issue is that came to this Court. Although indirectly, it did come to this Court. But in any event, I will adjourn this proceeding until May 9th. If there is anything you wish to submit -- in an ideal world, if there are any documents or briefs, if you can submit that by I will issue an order that will have it all. By May 3rd that would be appreciated, but I certainly will hear you out on May 9th at 4:00 p.m. |
| MR. KOCH: | That's great. And I prepared like a 30 page document. But do you know what -- |
| THE COURT: | You can file that. You can file that and you can file and you can file -- - |
| MR. KOCH: | But I think because you are giving me until May 9th, I don't want to put you through the burden of having to read this. I will go back and double check it and do it the right way because I rushed it. |
| THE COURT: | Mr. Koch, I am comfortable if you want to file that now and supplement it later or even change that, that's fine with the Court. |

> MR. KOCH: Thank you very much. I appreciate that, your Honor.
>
> THE COURT: All right. We're adjourned.

In other words, the U.S. District Court of the District of Connecticut received a call from the Superior Court in Connecticut inquiring as to whether the case, currently scheduled there, had been removed. The Court revealed the sum and substance of the communication: whether the proceeding in state court could not move forward because of the federal court filing.[2] There is no basis for recusal. *See Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312 ("In deciding whether to recuse [herself], the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning [her] impartiality might be seeking to avoid the adverse consequences of his presiding over their case. Litigants are entitled to an unbiased judge; not to a judge of their choosing.") (citation omitted); *see also Marshall v. City of Meriden*, 2017 WL 5513201, at *5 (D. Conn. Mar. 9, 2017) (recusal denied because no improper *ex parte* communications occurred between the court and defense counsel).

Accordingly, the motion for recusal is denied.

### B. Remand

When Mr. Koch, who is proceeding *pro se*, appeared at the April 4, 2019 hearing and requested a continuance, *see* Minute Entry, ECF No. 10 (Apr. 5, 2019), the Court extended the deadline for written submissions in response to the Order to Show Cause to May 3, 2019 and continued the hearing to May 9, 2019.

---

[2] Significantly, the Court did not convene an *ex parte* proceeding. *See* Black's Law Dictionary (9th ed. 2009) (defining the the term "*ex parte*" as something "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested; of or relating to court action taken by one party without notice to the other"). No party was involved in the discussion between the Connecticut Superior Court and the Clerk's Office of the District of Connecticut.

Since that initial hearing, the Court has—in light of the Court's obligation "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)—delayed ruling, permitted Mr. Koch to file electronically, and re-scheduled in-person hearings as telephonic hearings to accommodate Mr. Koch. The Court has made all of these accommodations despite its concern that Mr. Koch has no purpose other than to unduly prolong these proceedings in order to avoid a pending state court case. *See, e.g.*, Order, 2019, ECF No. 15 (May 10, 2019) ("Because the Court is concerned that Mr. Koch is attempting to unduly prolong these proceedings, no further extensions of time will be granted, given the time already provided to Mr. Koch for any filing or appearance."). Throughout this time, the Court has made "deliberate, continuing efforts to ensure" that Mr. Koch "understands what is required of him" with respect to his obligation to respond to the Court's Order to Show Cause. *Tracy*, 623 F.3d at 101.

In other words, Mr. Koch has had ample opportunity—more than six months—in which to respond substantively to the Court's March 29, 2019 Order to Show Cause, and he has not done so.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

Because Mr. Koch has failed to respond to the Court's Order to Show Cause and attempt to establish a basis for subject matter jurisdiction here, he has not met his burden.

Accordingly, for the same reasons explained in the Court's Order to Show Cause, and in the Court's October 12, 2018 Ruling, remanding his previous attempt to remove this action, this Court lacks subject matter jurisdiction over this action and must remand it to state court. *See* Order to Show Cause, ECF No. 8 at 6-8 (Mar. 29, 2019) (finding "that Mr. Koch has not properly pleaded that more than $75,000 is in controversy in this action[,]" that the Court does not have jurisdiction over child custody decrees, and that there is no "plausible basis for federal question jurisdiction" in this case).

### C. Filing Injunction

A leave-to-file injunction is appropriate where it is necessary for a court to prohibit a party from any further filings, consistent with its "power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks and citations omitted). "However, '[t]he unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.'" *Id.* (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Mr. Koch has been provided with ample notice of the potential for a filing injunction in this and any other related matter. He, however, has made no substantive argument in response to the Order to Show Cause, despite this Court extending him multiple opportunities—both before the Court and through written submissions—to do so.

Accordingly, on this record, a filing injunction is warranted.

## IV. CONCLUSION

For the reasons explained above, the Court **DISMISSES AND REMANDS** this action to the Connecticut Superior Court, **DENIES** all remaining motions as moot, and **ENJOINS** Mr. Koch from any future attempt to remove this action.

The Clerk of the Court is respectfully directed to close this case and remand this action to the Connecticut Superior Court for the Judicial District of Stamford/Norwalk.

The Clerk of the Court is further instructed that (1) if Mr. Koch attempts to remove this action again, it shall not be docketed but shall instead be immediately remanded; and (2) should Mr. Koch attempt to file any related matter, it may not be docketed, but instead must be submitted to this judge in order to determine whether it is within the scope of the filings enjoined by this ruling.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of October, 2019.

                                                       /s/ Victor A. Bolden
                                                      Victor A. Bolden
                                                      United States District Judge